# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**NICHOLAS STEINBRECHER,**

    **Plaintiff,**

    **v.**                                          **Case No. 25-CV-1923**

**KENVUE, INC., et al.,**

    **Defendants.**

---

## ORDER

---

On January 28, 2026, Plaintiff Nicholas Steinbrecher filed a notice of voluntary dismissal of his lawsuit against Kenvue, Inc. and members of the Company's board of directors. Steinbrecher requested entry of an Order "adopting" his voluntary dismissal and allowing him until March 30, 2026, to file a petition for attorneys' fees and costs. (Docket # 5-1.) In an Order dated January 30, 2026, I declined to enter Steinbrecher's requested order, explaining that voluntary dismissal under Rule 41(a)(1)(A)(i) is effective upon the plaintiff filing the notice of voluntary dismissal, so a court order "granting" the voluntary dismissal is "superfluous." (Docket # 6 at 2.)

I further questioned whether Steinbrecher's request to seek a mootness fee petition pursuant to Fed. R. Civ. P. 54(d)(2)(B) was the proper procedural vehicle in which to bring such motion. (*Id.* at 2–3.) I reminded Steinbrecher that should he request a mootness fee in this case, *Alcarez v. Akorn, Inc.*, 99 F.4th 368 (7th Cir. 2024), requires the Court to make specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint,

responsive pleading, or dispositive motion. (*Id.* at 3.) Despite raising these procedural issues, I allowed Steinbrecher until March 30, 2026, to file and serve on defendants any such motion. (*Id.*)

Steinbrecher failed to file any motion by March 30, 2026. However, the Hamilton Lincoln Law Institute's Center for Class Action Fairness filed a motion for leave to file an *amicus curiae* brief responding to the Court's January 30, 2026 Order. (Docket # 8.) The Center argues that it is not rational at this stage for defendants to oppose a fee petition and the Center stands ready to provide adversarial briefing in this case. (*Id.* at 1–2.)

Given no mootness fee petition was timely filed, there is no pending motion on which the Center can weigh in. Thus, the Center's motion for leave to file an *amicus curiae* brief (Docket # 8) is denied. Once again, pursuant to Steinbrecher's notice of voluntary dismissal, this case is closed.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 10th day of April, 2026.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge

2